UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAMMY JO NAVARRO, A/K/A TAMMY JO BARKER,<br><br>Defendant. | Case No. 1:20-cr-00019-BLW<br><br>**REPORT AND RECOMMENDATION** |

On April 12, 2021, Defendant Tammy Jo Navarro appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement.  The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

Prior to Defendant's arraignment on September 18, 2020, the Government had moved for detention. At Defendant's arraignment, an order of temporary detention was entered and a detention hearing was set. A detention hearing was held on September 21, 2020, and the Government withdrew its motion for detention. The parties agreed to release conditions as proposed in the Pretrial Services Report and as modified on the record. (Dkt. 11.) Defendant was released subject to several conditions, which included the requirement to seek employment; obtain medical or mental health treatment as directed by the pretrial services officer; and submit to testing for prohibited substances. (Dkt. 12.)

On April 8, 2021, Pretrial Services filed a Release Status Report with the Court. (Dkt. 34.) Pretrial Services reports Defendant has been compliant with all of the terms of pretrial release, which includes mental health and substance abuse treatment, maintaining employment, and submission to drug testing. Pretrial Services recommends that

**REPORT AND RECOMMENDATION - 2**

Defendant's conditions of pretrial supervision remain unchanged.

At the time of the plea hearing, the Government stated that it did not oppose Defendant's continued release pending imposition of sentencing. The Government further indicated that it does not have information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

Defendant filed a motion for release from custody pending sentencing. As proffered by Defendant's counsel at the hearing and supported by fifteen letters submitted with the declaration of counsel, Defendant has maintained part-time employment during pretrial release sufficient to contribute to the financial support of her family, which includes two children ages 12 and 16. Additionally, Petitioner is under the care of physicians and mental health practitioners for a variety of medical issues, and her continuity of care would be interrupted if she were required to be detained at this time. She has support from her family, friends, and employer.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption in the course of treatment of Defendant's physical and mental health that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

**REPORT AND RECOMMENDATION - 3**

## <u>RECOMMENDATION</u>

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)      The District Court accept Defendant Tammy Jo Navarro's plea of guilty to Count 1 of the Indictment (Dkt. 1);

2)      The District Court order forfeiture consistent with Defendant Tammy Jo Navarro's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement;

3)      The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 11.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: April 12, 2021

Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 4**