UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAMMY JO NAVARRO,<br><br>Defendant. | Case No. 1:20-cr-00019-BLW<br><br>**ORDER TERMINATING SUPERVISED RELEASE** |

### INTRODUCTION

Before the Court is Defendant Tammy Navarro's Motion for Early Termination of Supervised Release (Dkt. 72). For the reasons explained below, the Court will grant the motion.

### BACKGROUND

In December 2021, Tammy Navarro pleaded guilty to one count of distributing methamphetamine. Ms. Navarro was sentenced in December of 2021 to a term of time-served followed by five years of supervised release. Ms. Navarro began her term of supervised release in December 2021 and, as of this writing, has completed two and half years of that term. Her five-year period of supervision will expire in December 2026. Neither the government nor probation oppose Ms.

ORDER TERMINATING SUPERVISED RELEASE - 1

Navarro's request for early termination.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after Defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

After analyzing the relevant § 3553(a) factors, the Court finds that early termination of supervision is warranted by Ms. Navarro's conduct and in the interest of justice.

Ms. Navarro asserts that early termination is warranted due to her excellent performance on supervision. Indeed, in approximately two and a half years under supervision, Ms. Navarro has incurred no violations, has maintained her sobriety,

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

and has attended counseling of her own accord. She also reports that she is on administrative supervision and is not required to receive treatment from U.S. Probation.

However, the strides Ms. Navarro has made over the past few years extend far beyond her compliance. While under supervision, Ms. Navarro has pursued her educational goals by earning her high school diploma. *Motion* at 3, Dkt. 72-1. She has also supported her family through consistent employment, working first as the manager of a cleaning company before becoming an owner of the business. *Declaration* at 12, Dkt. 73. Ms. Navarro further supports her family by caring for her disabled brother in addition to her children. *Motion* at 1, Dkt. 72. Beyond pursuing her education and supporting her family, Ms. Navarro has contributed to the community by working with the Idaho Department of Correction to mentor women released from Idaho prisons. *Declaration* at 7, Dkt. 73.

After reviewing this excellent conduct and the § 3553(a) factors, the Court concludes that early termination is warranted. In the face of her own serious health struggles and history of substance abuse, Ms. Navarro has maintained her sobriety while supporting her family and community. She has indeed "rebuilt her life and worked hard to overcome a childhood of trauma and neglect and her substance abuse issues." *Motion* at 9, Dkt. 72-1. In the words of Ms. Navarro's probation officer, she has "done fantastic on supervision." *Declaration* at 4, Dkt. 73.

**ORDER TERMINATING SUPERVISED RELEASE - 4**

For these reasons, the Court does not believe that continued supervision is necessary to protect the public, deter future crimes, or provide Ms. Navarro additional treatment. The Court therefore finds early termination "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

## ORDER

**IT IS ORDERED that** Defendant Tammy Navarro's unopposed Motion for Early Termination of Supervision (Dkt. 72) is **GRANTED.** Ms. Navarro's term of supervised release is hereby terminated.

DATED: August 7, 2024

_____
B. Lynn Winmill
U.S. District Court Judge